UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| RICHARD N. BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| STARTUP PRODUCTION, LLC, AND | ) |
| UPSCALE FURNITURE, LLC, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT
## Summary of lawsuit

1. The Plaintiff, Richard N. Bell, created an original work of authorship when he took a photograph of the Indianapolis skyline in 2000 ("Indianapolis Photo"). Plaintiff subsequently registered the Indianapolis Photo with the U.S. Copyright office. In 2017, the Plaintiff discovered that the Defendant UPSCALE FURNITURE, LLC ("UPSCALE") had published the "Indianapolis photo" in advertising which appears on a website owned by UPSCALE, even though the Defendant had no rights or authority to publish the Indianapolis Photo. Defendant STARTUP PRODUCTION, LLC ("STARTUP") created the website for UPSCALE and published the "Indianapolis photo". The Plaintiff requests damages and injunctive relief against Defendants STARTUP and UPSCALE for violations of the U.S. Copyright law.

## JURISDICTION AND VENUE

2. This copyright infringement action arises under 17 U.S.C. § 101 et seq. This

Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (acts of Congress related to copyright and Lanham Act).

3.  This Court has personal jurisdiction over the Defendants because Defendants have their principal places of business in Kentucky and maintain ongoing, continuous business operations in Kentucky.

4.  Venue is proper under 28 U.S.C. §§ 1400(a) and 1391(c)(2) because Defendants reside this District by virtue of having their principal places of business in this District and maintaining ongoing, continuous business operations in this District, thereby causing them to be subject to personal jurisdiction in this District. Venue is also proper under 28 U.S.C. § 1391(b)(1) and (2) because both Defendants reside in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred in this District.

## PARTIES

5.  The Plaintiff, Richard N. Bell, is an attorney and a professional photographer and lives in McCordsville, Indiana.

6.  Defendant STARTUP PRODUCTION, LLC ("STARTUP") is Kentucky Limited Liability Company and conducts business in this district. STARTUP created a website for Defendant UPSCALE for use at the <upscale-furniture.com> domain.

7.  Defendant UPSCALE FURNITURE, LLC ("UPSCALE") is a Kentucky

Limited Liability Company and conducts business in this district.

## FACTS

8.    In March 2000, the Plaintiff, a United States citizen, took a photograph of downtown Indianapolis skyline from overlooking the canal from St. Clair Avenue.

9.    The photograph is an original work of authorship that is protected by United States copyright law. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Indianapolis Photo"

10.    Since March 2000, the Plaintiff has either published or licensed for publication all copies of the Indianapolis Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

11.    The Indianapolis Photo was first published on the internet on August 29, 2000, on Webshots. It was recently published on Plaintiff's website at the domain <richbellphotos.com>.

12.    The "Indianapolis Photo" was registered on August 4, 2011, with the United States Copyright Office and assigned Registration Number VA0001785115.

13.    Plaintiff has used the Indianapolis Photo in advertising to such an extent that the Indianapolis Photo is identified by the public as being created by the Plaintiff.

14.    Plaintiff has used the Indianapolis Photo in advertising to promote his photography business.

## COUNT I

## COPYRIGHT INFRINGEMENT

15. Defendant STARTUP created a website for Defendant UPSCALE's use at the <upscale-furniture.com> domain ("Website") to promote and advertise the furniture business of UPSCALE, in which Website Defendant STARTUP prominently featured the Indianapolis Photo without Plaintiff's permission.

16. Defendants used the Indianapolis Photo to draw or attract prospective customers to Defendant UPSCALE's business.

17. Upon information and belief, the Defendant STARTUP downloaded or took the Indianapolis Photo from the internet without Plaintiff's permission.

18. In October 2017, the Plaintiff discovered through the computer program "Google images" that the Website contained the Indianapolis Photo at http://upscale-furniture.com/indianapolis-in/ (Exhibit B copy of infringing photo).

19. Defendants did not disclose the source of the stolen Indianapolis Photo or otherwise confer credit to the Plaintiff; instead, the Defendant STARTUP willfully and recklessly falsely claimed that it owned the copyrights of all images and photos by adding "Design by Startup Production © 2015" on the Website at http://upscale-furniture.com/indianapolis-in/, including the Indianapolis Photo, and thereby disparaged the Plaintiff.

20. During the year 2017, defendants UPSCALE and STARTUP published the

Indianapolis Photo on the Website for their commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff, the copyright owner.

21. While the Defendants will know the exact date of first publication, based upon the Plaintiff's investigation, during the year 2017, Defendant UPSCALE published the Indianapolis Photo and used the Indianapolis Photo for its commercial use without paying for said use and without obtaining the necessary authorization from the Plaintiff.

22. The Defendants knew that they did not own Indianapolis Photo and knew they had not obtained the rights to publish the Indianapolis Photo, but recklessly and falsely represented to the world otherwise.

23. Defendants have not paid for the right to publish the Indianapolis Photo, but instead have falsely declared that the Defendant STARTUP owned the copyright to the Indianapolis Photo.

24. Defendants refuse to pay for the unauthorized use of Indianapolis Photo.

25. Defendants have not agreed be enjoined from using the Indianapolis Photo.

26. Defendants are liable to Plaintiff because they reproduced, distributed, and published the Indianapolis Photo without Plaintiff's permission and in contravention of Plaintiff's right under U.S. copyright law.

27. Defendants STARTUP and UPSCALE continue infringing conduct which has

caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

28. There is a risk of infringing conduct which has caused and will likely cause substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

29. After the Defendants published the Indianapolis Photo, Defendants permitted third parties internet users to access to the Website and thereby download and reproduce the Indianapolis Photo on such internet users' computers.

30. Defendants are secondarily liable for each such downloaded copy of the Indianapolis Photo initiated by each third-party Internet User, regardless of whether Defendant was aware that the third party was creating the downloaded copy.

31. Defendants are liable for all profits resulting from each downloaded copy of the Indianapolis Photo created by each such third-party Internet User.

32. Defendants are liable for copyright infringement regardless of whether Defendants knew that any use of the Indianapolis Photo would infringe copyrights Plaintiff owns.

33. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and

secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

34. Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

35. Defendants' conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

36. Plaintiff seeks damages for Defendants' use of Plaintiff's advertising idea comprising the Indianapolis Photo.

37. On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendants STARTUP and UPSCALE have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

38. Defendants' infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

39. Plaintiff seeks an injunction to enjoin Defendant from "republishing" any of your copyrighted materials that, if granted, would require that the Indianapolis

Photo not be available on which would thereby make it impossible for third party Internet users to download copies of the Indianapolis Photo from said webpage.

40. Defendants have willfully and deliberately engaged in, and, are willfully engaging in, the acts complained of with oppression, fraud, and malice ("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

41. Examples of these willful and deliberate Acts, include but not limited to the following:

    a. Defendant STARTUP downloaded or took the Indianapolis Photo from the internet and included said photo on the Defendant's UPSCALE's Website.

    b. Defendants failed to designate the source of the stolen Indianapolis Photo or otherwise confer credit to the owner.

    c. Defendants recklessly, willfully, and falsely asserted that the Defendant owned STARTUP the copyrights to all content, images, and photos contained in the Defendant's Website including Indianapolis Photo.

    d. Defendants knew that it did not own Indianapolis Photo and knew the Defendant had not obtained the rights to publish the Indianapolis Photo, but deliberately and falsely represented to the world otherwise.

    e. Defendants have not paid anyone for the right to use Indianapolis Photo, but instead falsely declared that the Defendant owned the copyrights to the Indianapolis Photo by adding "Design by Startup Production © 2015" below the photo.

42. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seek a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants STARTUP and UPSCALE as follows:

    a. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the federal Copyright Act;

    b. Immediately and permanently enjoining Defendants STARTUP and UPSCALE, their members, officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying, distributing, and publishing any of Plaintiff's works of authorship without consent or otherwise infringing Plaintiff's copyrights or other rights in any manner;

c. Enjoin Defendant from posting any of Plaintiff's copyrighted images or other materials on the Website or elsewhere on the internet;

d. Ordering Defendants STARTUP and UPSCALE to account to Plaintiff for all gains, profits, and advantages derived by Defendants, and third-party users by their infringement of Plaintiff's copyrights or such damages as are proper;

e. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

f. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and;

g. Awarding Plaintiff such other and further relief as is just and proper.

        Respectfully submitted,

        /s/ William L. Montague, Jr.
        William L. Montague, Jr.
        MONTAGUE LAW PLLC
        163 East Main Street, Ste. 300
        Lexington, KY 40507
        Telephone: (859) 303-5730
        Fax: (888) 398-4958
        will.montague@wmlex.com

        *Counsel for plaintiff Richard N. Bell*

Motion for admission *pro hac vice* filed herewith:

Richard N. Bell, Atty No. 2669-49
Bell Law Firm
10042 Springstone Road
McCordsville, In 46055
(317) 589-8535
(317) 690-2053 Cell
richbell@comcast.net